IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABB CONSTRUCTION, LLC          )
d/b/a ACCELERATION             )
CONSTRUCTION SERVICES          )
                               )
         Plaintiff,            )
                               )
     v.                        )          2:24cv1112
                               )          **Electronic Filing**
ANITA ALLEN                    )
a/k/a ANITA LAMPUS             )
                               )
         Defendant.            )

## OPINION

ABB Construction, LLC, d/b/a Accelerated Construction Services ("plaintiff"),

commenced this action seeking money damages for fraud, negligence and unjust enrichment.

Presently before the court is defendant's motion to dismiss plaintiff's amended complaint.  For

the reasons set forth below, the motion will be denied.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

them in the light most favorable to the non-moving party." Rocks v.  City of Philadelphia, 868

F.2d 644, 645 (3d Cir.  1989).  Under the Supreme Court's decision in Bell Atlantic Corp.  v.

Twombly, 550 U.S.  544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is

proper only where the averments of the complaint plausibly fail to raise directly or inferentially

the material elements necessary to obtain relief under a viable legal theory of recovery.  Id.  at

544.  In other words, the allegations of the complaint must be grounded in enough of a factual

basis to move the claim from the realm of mere possibility to one that shows entitlement by

presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's

Twombly formulation of the pleading standard can be summed up thus: 'stating ...  a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v.  New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir.  2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S.  at 563.

The allegations of the amended complaint construed in the light most favorable to the plaintiff set forth the following background.  Plaintiff is a construction business that formerly employed Michael Allen.  Michael Allen was married to defendant, Anita Allen, at all times relevant to the events underlying this case.  Prior to this case and while still an employee of plaintiff, Michael Allen "engaged in a scheme to embezzle money from the plaintiff" by "using money of the company to send checks to his personal account and to [defendant]" and he subsequently pled guilty to this crime.  Amended Complaint (Doc. No. 15) at ¶¶ 6-8.

The scheme involved Michael Allen creating an entity called "Accelerated Construction Management" that obtained a bank account that was not authorized by plaintiff.  Michael Allen supposedly used this business name, which was similar to plaintiff's name, in order to be able to deposit plaintiff's customers' checks into this unauthorized bank account.  Michael Allen then wrote checks from this unauthorized bank account to defendant or obtained a cashier's check to deposit money into their joint account.  Defendant received monthly checks pursuant to this scheme from July 11, 2014, through October 1, 2020, in an amount totaling $771,500.00.  All of

these monthly checks were cashed by defendant. The money received by defendant has not been returned to plaintiff.

Plaintiff first filed this suit in the Circuit Court of Monongalia County, West Virginia, on March 20, 2023. That complaint was removed to the Northern District of West Virginia on April 17, 2023, where it was dismissed without prejudice on January 9, 2024, for lack of personal jurisdiction. The complaint was filed in this court on August 2, 2024. On June 6, 2025, plaintiff filed an amended complaint alleging fraud, negligence and unjust enrichment. Following a motion to dismiss, plaintiff filed a notice of partial voluntary dismissal as to the count of fraud. The motion was granted and the fraud claim was deemed withdrawn on July 22, 2025.

Defendant argues that the two remaining causes of action are subject to a 2 year statute of limitations, which bars this action because the amended complaint was filed 4 years after plaintiff discovered defendant's involvement in July of 2021. Beyond this, defendant maintains the amended complaint does not allege sufficient facts to show she had the level of knowledge needed to establish fraud. And aside from establishing such a claim, defendant supposedly did not owe plaintiff a duty to return the money and it has not sufficiently alleged the causation element in negligence in any event. Finally, defendant argues that plaintiff is unable to bring a claim for unjust enrichment because there is no quasi-contract theory of liability and the claim cannot rest on unlawful or improper conduct.

Plaintiff responds that the statute of limitations was tolled pursuant to wrong-forum tolling and the amended complaint relates back to the original complaint. Thus, the statute of limitations does not bar the action. Next, from plaintiff's perspective the amended complaint does aver facts that supply a sufficient level of knowledge to establish fraud. Further, defendant was not entitled to possess and retain the money that was received as a result of Michael Allen's

criminal actions.  Therefore, plaintiff maintains that defendant negligently failed to return the money and has been unjustly enriched by retaining it.

As an initial matter, plaintiff has voluntarily dismissed its claim for fraud after the amended complaint was filed.  See Doc. No. 26.  Consequently, any arguments as to the validity or viability of the fraud claim in itself are moot.

Next, the statute of limitations does not bar the remaining claims; the doctrine of equitable tolling applies based on the doctrine of wrong forum tolling.  The parties agree that Pennsylvania law governs the initial determination of which state's statute of limitations should apply.  See Doc. No. 20 p. 5; Doc. No. 27 p. 6.  Pennsylvania courts apply Pennsylvania's statute of limitations, unless the borrowing statute applies.  Ross v. Johns-Manville Corp., 766 F.2d 823, 826 (3d Cir. 1985).  The borrowing statute provides "the period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim."  42 Pa. C. S. § 5521.

In Pennsylvania, an action for unjust enrichment has a statute of limitations of four years. 42 Pa. C. S. § 5525(a)(4).  In West Virginia, an equitable cause of action such as unjust enrichment does not have a statute of limitations and instead the "doctrine of laches" is applied rather than any one statute.  Dunn v. Rockwell, 225 W. Va. 43, 56, 689 S.E.2d 255, 266 (2009) (citations omitted).

In Pennsylvania, a cause of action for negligence is controlled by the two-year statute of limitations set forth in 42 Pa. C. S. § 5524(2).  Montanya v. McGonegal, 2000 Pa. Super. 213, ¶ 8, 757 A.2d 947, 950 (2000).  In West Virginia, "[c]laims in tort for negligence . . . are governed by a two-year statute of limitation."  Dunn v. Rockwell, 225 W. Va. 43, 56, 689 S.E.2d 255, 268 (2009) (citations omitted).

5

Based on the borrowing statute, we will apply a four-year statute of limitations for the unjust enrichment claim and a two-year statute of limitations for the negligence claim.  Given these established tenants, we turn to the substance of defendant's motion.

Seeking to bar a claim based on a statute of limitations defense is an affirmative defense. Fed. R. Civ. P. 8(c)(1); Chainey v. Street, 523 F.3d 200, 209-10 (3d Cir. 2008).

It has long been settled that a plaintiff is not required to plead the absence of an affirmative defense in setting forth a claim under Federal Rule of Civil Procedure 8(a).  Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014) ("a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.") (citing In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004); Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir.2003) ("[L]itigants need not try to plead around defenses")); and Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994).  Instead, Rule 8(c) allocates the burden of raising an affirmative defense to the defendant through the filing of an answer.  Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002).  However, under the so-called "Third Circuit Rule," an affirmative defense may be considered and granted pursuant to a motion to dismiss, but only if the defense conclusively is established on the face of the complaint.  Id.  If it is not, then the defense may not be used to end the litigation at the pleading stage.  Id. (citing Bethal v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)); accord Peltz v. State Farm Mutual Automobile Ins. Co., 538 F. Supp.3d 498, 506 (W.D. Pa. 2021) ("a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense.") (quoting Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014)).

In this case, both plaintiff and defendant admit that plaintiff learned of the allegations at issue on July 7, 2021.  Doc. No. 15 at 2; Doc. No. 20 at 6.  Plaintiff filed its first complaint in the

Circuit Court of Monongalia County, West Virginia, on March 20, 2023.  Doc. No. 20 p. 2. Accordingly, the complaint was timely when originally filed.

Moreover, the Third Circuit has stated that equitable tolling may be appropriate at least where "the defendant has actively misled the plaintiff respecting the cause of action," "the plaintiff has in some extraordinary way been prevented from asserting his rights," or "the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum."  Doherty v. Teamsters Pension Tr. Fund of Philadelphia & Vicinity, 16 F.3d 1386, 1393 (3d Cir. 1994), as amended on reh'g (Mar. 17, 1994) (citations omitted).  To fall into the third category, a party's claim, though filed in the wrong forum, must nevertheless be timely. Doherty, 16 F.3d at 1394.

Relevant here, "the statute of limitations for a second action may be equitably tolled by the filing of a first action [that was] dismissed for lack of personal jurisdiction if: (1) the first action gave defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action." Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 (3d Cir. 2002) (cleaned up).  The ability to meet these requirements are present here.

Plaintiff filed the original complaint within twenty months of discovering the asserted course of conduct.  That filing gave defendant direct notice of the claims.  The case was first removed to federal court by the defendant and thereafter dismissed by the Northern District of West Virginia for lack of personal jurisdiction.  The matter remained pending in West Virginia for ten months.   After dismissal, plaintiff filed the claims in this court eight months later.

Furthermore, plaintiff's complaint has been consistent since its filing in West Virginia. See ABB Constr., LLC v. Allen, No. 1:23-CV-34, 2024 WL 100285, at *1 (N.D.W. Va. Jan. 9,

7

2024); see also Doc. No. 3 in 1:23cv34, N.D. of W.V.  A plaintiff is permitted to amend a complaint, which will relate back if it "restate[s] the original claim with greater particularity or amplify[ies] the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading." Anderson v. Bondex Int'l, Inc., 552 F. App'x 153, 157 (3d. Cir. 2014) (citing Bensel v. Allied Pilots Ass'n, 387 F.3d 298,310 (3d Cir. 2004)).

Here, plaintiff's amended complaint is asserting claims that arise from the same conduct, transaction or occurrence as the original complaint and has provided clarity as to the factual basis of those claims. See generally Doc. No. 1; Doc. No. 15.  It follows that the amended complaint relates back to the original complaint.

So like in Island Insteel Sys., Inc., plaintiff filed a complaint in the wrong forum, which then dismissed it without prejudice for lack of proper personal jurisdiction.  The complaint fails to show that plaintiff failed to act diligently in pursuing its rights at any point during the pursuit of its claims.  And a review of the plaintiff's filing history satisfies the requirements for relation back pursuant to Rule 15(c).

Given the allegations of the complaint and the undisputed facts available from the record and/or public documents of which this court may take notice, it is clear that the statute of limitations defense does not bar plaintiff's claims as a matter of law.  Defendant's motion to dismiss on this ground accordingly will be denied.

Next, defendant's efforts to shield herself on the ground that she owned no duty to plaintiff is unavailing at this stage of the litigation.  Plaintiff asserts that a duty arose when plaintiff began to receive money that was fraudulently sent to her and then retained it as if it were hers.  It urges the court recognize that the existence of a duty arose based on the retention of the money under circumstances from which defendant should have recognized that it did not legally belong to her.  Doc. No. 27 at 15.

8

The Supreme Court of Pennsylvania has not directly decided whether a wife owes a duty to a company where her husband works when receiving a benefit from her husband's fraudulent activity that involved directly transferring money from the company to the wife.  Because this case posits that a duty arose from the retention of stolen money, we will analyze the claim under the Restatement of Restitution.

Under the Restatement of Restitution, the cause of action is defined as follows:

A person who, non-tortiously and without notice that another has the beneficial ownership of it, acquires property which it would not have been wrongful for him to acquire with notice of the facts and of which he is not a purchaser for value is, upon discovery of the facts, under a duty to account to the other for the direct product of the subject matter and the value of the use to him, if any, and in addition, to
a) return the subject matter in specie, if he has it;
b) pay its value to him, if he has non-tortiously consumed it in beneficial use;
c) pay its value or what he received therefor at his election, if he has disposed of it.

Restatement of Restitution § 123.  Solomon v. Gibson, 419 Pa. Super. 284, 288–89, 615 A.2d 367, 369 (1992); see also Transamerica Insurance Company v. Long, 318 F. Supp. 156, 160 (W.D. Pa. 1970) (holding that once stolen money has been delivered to a person who receives it in good faith, the person holds good title unless they had actual or constructive notice of its unlawful origins).

Further, "the recipient of an allegedly fraudulent misrepresentation is under no duty to investigate its falsity in order to justifiably rely.  Instead, reliance is justified unless the recipient knows the representation to be false or if its falsity is obvious." Egan v. USI Mid-Atl., Inc., 2014 PA Super 62, 92 A.3d 1, 16 (2014).

So a duty may have arisen under two different scenarios.  If plaintiff knew the money was fraudulently acquired or had constructive notice of the same before it was transferred to her, she had a duty to return it or pay the value of its consumption or use.  In addition, if plaintiff

9

came to know that her husband was falsely representing the legitimacy of the funds or the same was obviously apparent, then she had a duty to further investigate the matter or otherwise stop receiving the funds under such circumstances.

Drawing all inferences in favor of plaintiff as this court must do at this juncture, plaintiff's allegations plausibly set forth a factual foundation from which it can be inferred that one or both of these duties arose and then was breached.  Defendant obtained a series of checks over several years for high dollar amounts.  Doc. No. 15 at pp. 3-7.  The checks were written by defendant's then husband, Michael Allen.  Id.  They were issued on a company account rather than being issued on a personal account in Michael Allen's name.  Defendant had no direct claim or established right to receive funds from the company.  Michael Allen made the checks payable to "Anita Lampus," defendant's maiden name, instead of using her married name, Anita Allen, which she was using at the time.  Defendant cashed the checks herself.  Id.  Defendant did this over a substantial period of time.

Based on this series of events, it is plausible that defendant was on actual notice that the money was obtained unlawfully or its illegal nature became obvious.  At this juncture, the court can draw the inference that the defendant knew of the illegal nature and source of the money or became aware of circumstances that made its illegal nature obvious, which in turn would have given her notice and a duty to return the funds following the discovery.  Failing to do so caused the plaintiff to lose all or some of the money at issue.  As such, the motion to dismiss the negligence count will be denied.

Defendant argues that plaintiff's unjust enrichment claim fails because it essentially is tied to the other claims and a theory of unjust enrichment must be based on either 1) circumstances that give rise to a quasi-contract or 2) "unlawful or improper conduct established by an underlying claim."  Doc. No. 20 at 13.  We disagree.

10

The following elements are necessary for a plaintiff to state a claim for unjust enrichment: "(1) benefits conferred on one party by another; (2) appreciation of such benefits by the recipient; and (3) acceptance and retention of these benefits in such circumstances that it would be inequitable for the recipient to retain the benefits without payment of value." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 277 (3d Cir. 2007) (citing Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 446 (3d Cir. 2000)).

Under a claim for unjust enrichment, a plaintiff must show that the defendant "wrongfully secured or passively received a benefit that it would be unconscionable [for the defendant] to retain." Torchia on behalf of Torchia v. Torchia, 346 Pa. Super. 229, 499 A.2d 581 (1985). Plaintiff must prove both an enrichment and an injustice that will occur if recovery for the enrichment is denied. Meehan v. Cheltenham Township, 410 Pa. 446, 449 (1963).

Of course, in applying the doctrine of unjust enrichment, it is Hornbook law that "[t]he mere fact that one party benefits from the act of another is not of itself sufficient to justify restitution. There must also be an injustice in permitting the benefit to be retained without compensation." Id. at 450.

Further, a showing of knowledge or wrongful intent on the part of the benefitted party is not necessary. Crossgates Realty, Inc. v. Moore, 279 Pa.Super. 247, 252 (1980). Instead, the focus is on the resultant unjust enrichment, not on the party's intention. Id.

To be liable for unjust enrichment, the party enriched need not "take an active role in obtaining the benefit." Residential Fences Corp. v. Rhino Blades Inc., No. 14-CV-2552 (SIL), 2024 WL 964681, at *8 (E.D.N.Y. Mar. 6, 2024), aff'd, No. 24-897-CV, 2025 WL 583323 (2d Cir. Feb. 24, 2025) (quoting Aetna Cas. & Sur. Co. v. LFO Const. Corp., 615 N.Y.S.2d 389, 391 (1st Dep't 1994)). Instead, a party may be held liable for unjust enrichment even where she engaged in no wrongdoing, if she was enriched at the expense of another. Id.; see also Corsello

11

v. Verizon N.Y., Inc., 18 N.Y.3d 777, 944 (2012) (noting that unjust enrichment claims are available where the defendant "though guilty of no wrongdoing, has received money to which he or she is not entitled"); Marini v. Adamo, 995 F. Supp. 2d 155, 204-06 (E.D.N.Y. 2014), aff'd, 644 F. App'x 33 (2d Cir. 2016), and aff'd, 644 F. App'x 33 (2d Cir. 2016) (finding fraudster's wife liable for unjust enrichment where she benefited from the underlying scheme despite not personally participating).

Here, plaintiff does not need to aver that defendant engaged in wrongdoing in order to plead a claim for unjust enrichment.  Plaintiff does aver in its amended complaint that defendant obtained a total of $771,500.00 over 6 years.  Doc. No. 15 at 3-7.  Plaintiff asserts defendant obtained this money "unintentionally and without consent." Doc. No. 15 at 9.  Defendant did not work for plaintiff and was not legally entitled to receive any financial benefit from it.  Id.  Thus, this court can infer that defendant obtained a benefit that would be unjust for defendant to retain. Meehan, 410 Pa. at 450.  As such, the motion to dismiss the unjust enrichment claim also will be denied.

For the reasons set forth above, defendant's motion to dismiss will be denied.  An appropriate order will follow.

Date: March 27, 2026

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Mark A. Kepple, Esquire
        Hunter David Bowman, Esquire
        Tina Miller, Esquire
        Stephen Wesley Gorman, Esquire

        (*Via CM/ECF Electronic Mail*)

12